JUSTICE WEBER
specially concurring:
I agree with the majority opinion which points out that under Stepanek, the primary contract between the general contractor and Yellowstone County specifically required the general contractor to be responsible for initiating, maintaining, and supervising all safety precautions and programs on the project. As pointed out in the majority opinion, the key part of the COP Construction’s contract with the State of Montana imposed the following duty:
VIII. SAFETY; ACCIDENT PREVENTION.
... The contractor shall provide all safeguards, safety devices and protective equipment and take any other needed actions on his own responsibility, or as the State Highway Department contracting *204 officer may determine, reasonably necessary to protect the life and health of the employees on the job ...”
I agree that the above contract requirement is equivalent to the obligation found to exist in the Stepanek contract. Although it is difficult to understand how COP Construction could be found to have failed to take any action necessary to reasonably protect Mr. Nave from the injury he received, I do concur in the majority opinion.
I find it important to suggest some of the contradictions which are present in this result. As stated in Micheletto v. State (1990), 244 Mont. 483, 798 P.2d 989, and in earlier Montana cases, Montana follows the general rule that absent some form of control over the subcontractor’s method of operation, the general contractor is not liable for injuries to the subcontractor’s employees. While there is no indication in this case that COP Construction retained any control over the subcontractor with regard to work performed by Mr. Nave on the job, COP Construction may be held responsible. The result is that a general contractor under this specific form of contract could be held responsible for any injury suffered by an employee of a subcontractor. In order to protect himself, this suggests that a general contractor would be required to take all the steps necessary to protect an employee of a subcontractor from injury. This further suggests that a general contractor would be required to supervise every portion of the work performed by an employee of a subcontractor. Such supervision on the part of the general contractor appears to make it totally impractical to use subcontractors.
Our holding in this case clearly demands consideration of this problem by those who draft and participate in such construction contracts.
CHIEF JUSTICE TURNAGE joins in the foregoing special concurrence.